UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SPRINGMAN,

    Plaintiff,

v.                                         CASE NO.: 8:10-cv-701-T-23TBM

CITY OF VENICE, et al.,

    Defendants.

_____/

**ORDER**

An August 31, 2010, order (Doc. 13) grants as unopposed the defendants' August 9, 2010, motion to dismiss (Doc. 12), because the plaintiff fails to timely respond to the motion. The order (Doc. 13) notes the plaintiff's previous action (Case No. 8:10-cv-701-T-23TBM) against the same defendants,[1] in which action the plaintiff failed to comply with the response deadline. In the previous action, an order (Doc. 14) grants as unopposed the defendants' motions to dismiss (Docs. 6 & 8) and dismisses the case. In this action, the plaintiff moves (Doc. 14) to vacate the August 31, 2010, order (Doc. 13). In support of the motion, the plaintiff's counsel cites (1) "difficulties with the computer network system;" (2) an error "during the electronic filing process," which error caused the response not to appear on the docket; and (3) "pressure to finalize the response, due to other demands of [counsel's] schedule," which pressure "may [have] contributed to the error." Counsel (1) asserts his belief that he in fact filed a timely response and (2) appeals to this court's discretionary authority to accept a late paper if

---

[1] This action includes the same defendants as the previous action except for Margaret Schreiber, who the plaintiff omits from this action.

lateness results from "inadvertence, mistake[,] or carelessness." The defendants respond (Doc. 15) in opposition.

Counsel's mistake, inadvertence, or carelessness—or whatever causes counsel's repeated failure to comply with deadlines—has resulted in delay, inconvenience, and expense. Court orders and the Local Rules are not mere suggestions, but rather are directives, compliance with which is required absent an intervening order of the court. Counsel's inability to comply with the Rules of the United States District Court for the Middle District of Florida merits no lenience (even a pro se party must comply with procedural rules).[2] However, even if counsel established good cause for permitting an untimely response, this action would nonetheless deserve prompt dismissal, because neither the factual allegations of the amended complaint nor the plaintiff's response in opposition to dismissal demonstrate that the plaintiff possesses an actionable claim under 28 U.S.C. § 1983.

## Background

In the amended complaint (Doc. 9), the plaintiff, Ronald Springman, alleges the following:

Springman resides in Sarasota County, Florida. On April 19, 2008, officers Brett Woodworth and Troy Crepeau arrested Springman for violating the City of Venice's (the "City's") noise ordinance. On May 15, 2008, officers Woodworth and Crepeau again arrested and incarcerated Springman on a charge of disorderly conduct. At the time of arrest, Springman was "upon his own residential premises." On May 28, 2008, a state judge dismissed the charges against Springman. Springman asserts (among other

---

[2] See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

- 2 -

things) that "by reason of the aforesaid unlawful and malicious prosecution, [Springman] was deprived of his liberty, was subjected to great indignity, humiliation, pain[,] and great distress of mind and body . . . ."

The amended complaint (Doc. 9), which provides minimal factual allegations and which undoubtedly qualifies as an impermissible "shotgun pleading,"[3] alleges in one count a violation of Springman's rights under the Fourth, Sixth, Fourteenth, and First Amendments. On August 9, 2010, the defendants moved (in a largely disjointed manner) (Doc. 12) to dismiss based on (1) the shotgun nature of the pleading, (2) qualified immunity, and (3) the failure to state a claim for municipal liability under Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). The plaintiff (in violation of Local Rule 3.01(d)) attaches to the motion to vacate (Doc. 14) the plaintiff's proposed response (Doc. 14-1) in opposition to the motion to dismiss.

*1. Qualified Immunity*

"Qualified immunity permits a government official to perform a discretionary duty 'without the fear of personal liability or harassing litigation' and protects from suit 'all but the plainly incompetent.'" Greer v. Hillsborough County Sheriff's Office, 2006 WL 2535050, *1 (M.D. Fla. 2006) (citing Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)). A government official performs a "discretionary duty" if the official acts in furtherance of an official duty and the act falls within the scope of the official's authority. Harbert Intern., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998); see also Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 & n.6 (11th Cir. 2004) (stating that, in order to receive the protection of qualified immunity, "the official must have been

---

[3] See Giles v. Wal-Mart Distrib. Ctr., 2009 WL 5064351 (11th Cir. 2009) (per curiam).

engaged in a 'discretionary function' when he performed the acts of which the plaintiff complains."). If a defendant demonstrates that the defendant acted within the defendant's "discretionary function," the burden shifts to the plaintiff to overcome qualified immunity. See Rushing v. Parker, 2010 WL 918323 (11th Cir. 2010).

"Because qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,' questions of qualified immunity must be resolved 'at the earliest possible stage in the litigation.'" Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) and Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curium)). "'A complaint will be dismissed as insufficient where the allegations [in the complaint] are vague and conclusory.'" Gonzalez, 325 F.3d at 1235 (quoting Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). Accordingly, the plaintiff must allege with some specificity the facts supporting a Section 1983 claim. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998).

In this action, the plaintiff utterly fails to allege facts supporting a Section 1983 claim. Rather, the amended complaint is replete with legal conclusions and contains relatively few vague factual allegations. In fact, neither the amended complaint nor the response to the motion to dismiss provides enough information to determine what, if any, circumstance could support Springman's claim of a constitutional violation by the defendants.

*2. Municipal Liability*

"[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat Superior or vicarious

- 4 -

liability will not attach under § 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (emphasis in original); Greer v. Hillsborough County Sheriff's Office, 2006 WL 2535050, *3 (M.D. Fla. 2006).  Municipal liability arises only if the municipality maintains an unconstitutional policy or custom.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978).  Failure to train constitutes a municipal policy if "the need for more or different training [is] so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that the failure to train amounts to deliberate indifference to a constitutional right.  City of Canton, 489 U.S. at 390; Belcher v. City of Foley, 30 F.3d 1390, 1397 (11th Cir. 1994) ("Only when the failure to train amounts to 'deliberate indifference' can it properly be characterized as the 'policy' or 'custom' that is necessary for section 1983 liability to attach.").

In this action, Springman fails to allege facts supporting a constitutional violation, let alone an unconstitutional custom or policy.  Springman's two arrests cannot serve as the basis for establishing unconstitutional activity by the City.

## Conclusion

Accordingly, Springman's motion (Doc. 14) to vacate the order (Doc. 13) dismissing the amended complaint (Doc. 9) is **DENIED**.

ORDERED in Tampa, Florida, on October 8, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE